HENRY N. ARMSTRONG AND ELMA ARMSTRONG, HIS WIFE, PLAINTIFFS, v. BENJAMIN B. BROWN AND T JOSEPH BINN, DEFENDANTS.

Superior Court of New Jersey
Chancery Division

Decided May 13, 1952.

*Mr. Joseph P. Dunn* for the plaintiffs.

*Mr. Harry J. Stevens, Jr.,* for the defendants.

FREUND, J. S. C.   The defendant, Benjamin B. Brown, is the vendee, and the defendant, T. Joseph Binn, the assignee, of a written contract for the purchase of real estate owned by the plaintiffs. The defendants have challenged the marketability of the plaintiffs' title and the plaintiffs seek a declaratory judgment thereon.

Agnes V. Crater and the National Newark & Essex Banking Co., guardians of Jean A. Wilson, an incompetent, were the holders of a mortgage encumbering the real estate in question. The mortgage being in default, the mortgagees instituted a foreclosure suit; all necessary parties were joined as defendants; and a final decree was entered on April 30, 1934. Execution was issued and tested on May 21, 1934, pursuant to which the Sheriff of Essex County sold the premises, conveying title to the mortgagees as guardians of the incompetent. Thereafter, Agnes V. Crater and the National Newark & Essex Banking Co., as guardians of the incompetent and as administrators *c. t. a.* of the estate of Jean A. Wilson, deceased, conveyed the premises to the plaintiffs' grantors. The defendants charge that the title is unmarketable because Jean A. Wilson died at 4:20 A. M. on May 21, 1934, the date on which the execution was issued and tested. It is to be observed that the guardians of Jean A. Wilson and the administrators *c. t. a.* of her estate are the same persons, and that the mortgage was held and foreclosed by them in their capacity as guardians.

The title is marketable for many reasons. The final decree of the Court of Chancery is not attacked by any party to the foreclosure suit and it may not be collaterally attacked by a stranger. In *McCahill v. Equitable Life Assurance Society, 26 N. J. Eq.* 531, at *page 538 (E. & A.* 1875), Chief Justice Beasley said:

"The legal rule, then is this: that the decision of a domestic court of general jurisdiction, acting within the scope of its powers, has inherent in it such conclusive force, that it cannot be challenged collaterally, and that such decision definitively binds all parties embraced in it, unless, on objection made to such court itself, or in a direct course of appellate procedure."

*Shultz v. Sanders,* 38 *N. J. Eq.* 154 *(Ch.* 1884), affirmed *sub nom. Eisberg v. Shultz,* 38 *N. J. Eq.* 293 *(E. & A.* 1884); *Wilkes v. Brennan,* 139 *N. J. Eq.* 445 *(Ch.* 1947); *Andes v. Boyajian,* 12 *N. J. Super.* 344 *(Ch. Div.* 1951).

■ Moreover, the marketability of the title is assured by various validating acts of the Legislature. The sale and conveyance by the sheriff vested in the purchasers such title as the debtor was seized of or entitled to at or before the judgment for the enforcement of which the execution issued, *N. J. S.* 2A:17–41 and 2A:50–37. Further, by *N. J. S.* 2A:17–47, sales made prior to May 14, 1938, under any execution, order, decree or judgment of a court of this State have been validated. By *N. J. S.* 2A:61–17, a *bona fide* purchaser of real estate sold by a sheriff is protected after seven years, and under *N. J. S.* 2A:61–18, any recorded deed delivered by a sheriff standing unchallenged for a period of one year from the date thereof shall be deemed a valid deed for the conveyance of the property therein described, notwithstanding any informality or imperfection, where the sale has been confirmed by the court pursuant to whose writ the sale was made.

■■ Finally, it may be added that the law disregards fractions of a day where it is essential to do so in order that justice may be done. In *Gallagher v. True American Pub. Co.,* 75 *N. J. Eq.* 171 (*Ch.* 1908), Chancellor Walker said:

"Certainly the court cannot take cognizance of a fraction of a day unless the particular time is brought to its attention. * * * After all, the rule that the law does not take account of the fraction of a day, is, like almost every other rule, subject to exceptions."

■ So far as the foreclosure proceedings are concerned, the court's attention was not called to the time of death of the incompetent. If it had been necessary that it there be suggested, an amendment to cure the defect could have been made.

Judgment accordingly.